UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT DELVON AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUTY SHUMAKHER; SAN FRANCISCO SHERIFF'S DEPT.,<br><br>    Defendants.<br>_____/ | No. C-12-0456 EMC (pr)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE REPLY TO DEFENDANT'S ANSWER; AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket No. 14)** |

    Plaintiff has requested an extension of time to file a reply to Defendant's answer to the complaint. The request is **DENIED**. (Docket # 14.) There is no responsive pleading required to an answer, and the allegations therein are considered denied. *See* Fed. R. Civ. P. 7(a), 8(b)(6). Plaintiff has shown no need or reason to file a reply, in light of the fact that he is automatically deemed to have denied the allegations of the answer.

    Plaintiff also has requested that counsel be appointed to represent him in this action. *See* Docket # 1-1, pp. 3-4. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional

circumstances requiring the appointment of counsel are not evident at this time. The request for appointment of counsel is **DENIED**. (Docket # 14.)

This order disposes of Docket No. 14.

IT IS SO ORDERED.

Dated: September 4, 2012

_____
EDWARD M. CHEN
United States District Judge